# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. CULVER, | Case No. EDCV 15-00920-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On May 11, 2015, Thomas D. Culver ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on August 13, 2015. On November 13, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 55-year-old male who applied for Social Security Disability Insurance benefits on October 23, 2012 (AR 133-136), alleging disability beginning October 5, 2011. (AR 133, 152.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 5, 2011, the alleged onset date. (AR 16.)

Plaintiff's claim was denied initially on April 26, 2013 (AR 31-40), and on reconsideration on October 2, 2013. (AR 42-53.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on October 1, 2014, in Moreno Valley, California. (AR 14.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 14.) Vocational expert ("VE") Luis O. Mas also appeared and testified at the hearing. (AR 14.)

The ALJ issued a favorable decision on October 8, 2014. (AR 14-19.) On April 1, 2015, the Appeals Council vacated the ALJ's October 8, 2014, decision and issued an unfavorable decision. (AR 4-7.) The Appeals Council's decision is the final decision of the Commissioner.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the Defendant's Appeals Council has properly considered and developed the effect of Plaintiff's mental impairments on his ability to perform past relevant work at step number four of the sequential evaluation process.
2. Whether the Defendant's Appeals Council has properly developed the record pertaining to Plaintiff's past relevant work and the dictionary of occupational titles job description of Plaintiff's past relevant work at step number four of the sequential evaluation process.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

2

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

3

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the Appeals Council determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 5, 2011, the alleged onset date. (AR 6-7.)

At step two, the Appeals Council determined that Plaintiff has the following medically determinable severe impairments: osteoarthritis of the right knee, obesity, and lumbar sprain/strain. (AR 7.)

At step three, the Appeals Council determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 7.)

The Appeals Council then found that Plaintiff has the RFC to perform work-related activity at the light exertional level with the following limitations:

> Claimant is limited to lifting and carrying up to ten pounds occasionally and less than ten pounds frequently, standing and walking for up to two hours in an eight-hour workday, sitting for up to six hours in an eight-hour workday, occasionally pushing and pulling with the right lower extremity, and occasionally climbing ladders, ropes, or scaffolds.

(AR 7.)

At step four, the Appeals Council found that Plaintiff is able to perform his past relevant work as a systems surveillance monitor. (AR 7.)

Consequently, the Appeals Council found that Claimant was not disabled within the meaning of the Social Security Act, from October 5, 2011 through October 8, 2014. (AR 29.)

## DISCUSSION

The Appeals Council's nondisability determination is supported by substantial evidence and free of legal error. As the Commissioner's final decision, it must be affirmed.

On October 18, 2014, the ALJ assessed Plaintiff with a light work RFC. (AR 16.) The ALJ concluded at step four of the sequential process that Plaintiff could not perform his past relevant work as a surveillance monitor because of his physical impairments. (AR 18.) That job, as he performed it, required Plaintiff to lift and carry at the medium exertional level. (AR 18.) The ALJ also concluded at step five of the sequential process that there are no jobs in the national economy that Plaintiff could perform. (AR 18.) The ALJ thereupon issued a favorable decision finding Plaintiff disabled. (AR 19.)

On April 1, 2015, however, the Appeals Council issued a corrective decision that Plaintiff is capable of performing his past relevant work as a surveillance systems monitor at a casino as the job is generally performed in the national economy. (AR 4-5.) Plaintiff challenges the Appeals Council's nondisability determination because (1) it failed to properly consider Plaintiff's mental impairments, and (2) his past relevant work was not as a systems surveillance monitor but as a gambling monitor, a job the Appeals Council determined he would be unable to perform. (AR 18.) These contentions lack merit.

## I. PLAINTIFF FAILED TO PRESENT EVIDENCE OF MENTAL FUNCTIONAL LIMITATIONS.

The ALJ did not address Plaintiff's mental impairments. The ALJ found that Plaintiff had the severe physical impairments of osteoarthritis of the right knee, obesity, and lumbar sprain/strain. (AR 16.) The ALJ also stated, "The undersigned is not determining whether the Claimant has a severe mental impairment because there is sufficient evidence in the record to find the Claimant disabled based on his severe physical impairments." (AR 16 (emphasis added).) The Appeals Council ruling also did not address Plaintiff's mental impairments, even though Plaintiff in his written argument to the Appeals Council asserted mental impairments of depression and anxiety. (AR 18.) There is medical evidence of record of Plaintiff's depression and anxiety and medication to treat those impairments. (AR 196, 437-440.) Plaintiff contends that the Appeals Council failed to properly consider his mental impairments in determining at step four of the sequential process that he could do his past relevant work as generally performed.

Plaintiff, however, expressly abjured reliance on mental impairments or limitations as a basis of disability through the date of the ALJ's decision. In his Disability Report, he alleged only "right knee/back problem/hbp," not depression or anxiety. (AR 152-156.) He specifically advised the Administration that he did not want to pursue mental impairments as a basis for disability. (AR 47, 48, 53, 62.) He also reported that he is no longer taking antidepressants or anxiety medication, which renders irrelevant his belated assertion of medication side effects in challenging the Appeals Council's decision. (AR 47, 48, 358, 362.) There can be no

medication side effects if Plaintiff is not taking medication. Based on these circumstances, Agency reviewing physicians and the Administration determined there was insufficient evidence to adequately assess the severity of Plaintiff's mental condition. (AR 48, 53, 62.) Plaintiff does not respond to this evidence of his election not to pursue disability on the basis of mental impairments or his cessation of medication for his depression and anxiety. These factors preclude any reliance on subjective symptoms by Plaintiff.

Additionally, there is no medical evidence of <u>any</u> mental functional limitations. Complaints of depression and even evidence of a mental impairment do not establish disability or a severe impairment unless there is evidence of a related functional loss that impacts the ability to work. <u>Barker v. Sec'y of HHS</u>, 882 F.2d 1474, 1477 (9th Cir. 1989). An impairment is not severe if it does not significantly limit physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1521. Plaintiff here has failed to present any evidence of a severe mental impairment or of mental functional limitations that affect his ability to work. He has not met his burden to show he cannot perform his past relevant work. <u>Matthews v. Shalala</u>, 10 F.3d 678, 691 (9th Cir. 1993.)

The Appeals Council "need not discuss <u>all</u> evidence" but must explain why significant probative evidence has been rejected. <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Here, there was no probative evidence to discuss or reject. The Appeals Council was not required to discuss Plaintiff's mental impairments because there was no evidence of a severe mental impairment or of any mental functional limitations, and Plaintiff previously abjured reliance on mental limitations as a basis for disability and had ceased taking medications for his depression and anxiety.

**II. THE APPEALS COUNCIL AND VE REASONABLY DETERMINED THAT PLAINTIFF COULD PERFORM HIS PAST RELEVANT WORK**

The Appeals Council determined that Plaintiff can perform his past relevant work as a surveillance systems monitor at a casino as generally performed in the national economy. (AR 5.) Typically, the best sources of how a job is performed in the national economy is the Dictionary of Occupational Titles ("DOT"). <u>Pinto</u>, 249 F.3d at 844-45. The DOT raises a

presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). Here, DOT code 379.367-010 indicates that a surveillance system monitor is an unskilled sedentary occupation with exertion up to 10 pounds occasionally and requiring less than 30 days to learn (SVP 2). Id. The VE testified Plaintiff could perform this job as generally performed as per the DOT but not as actually performed. (AR 5-7, 26-28.)

Plaintiff argues that the job of gambling monitor more closely approximates his past relevant work at the casino. DOT code 343.367-014 indicates that a gambling monitor is light work with exertion up to 20 pounds occasionally and is skilled (SVP 7), requiring over 2 years and up to 4 years to learn. Id. The Appeals Council found this job would exceed the demands of the Claimant's RFC. (AR 5.)

The Appeals Council, however, noted that a gambling monitor spends a majority of the workday walking and standing on the casino floor, but Claimant indicated his job was mostly sitting behind a screen, monitoring and watching over the casino, cashier, parking lot, etc. (AR 6, 24-25, 160.) Plaintiff himself characterized the job as surveillance or surveillance monitor. (AR 24-25, 153, 158.) The gambling monitor is skilled and light; the surveillance monitor is unskilled and sedentary. The Appeals Council noted that the VE testified that the surveillance monitor is the DOT code most closely related to the Claimant's past relevant work. (AR 6.) The Appeals Council concluded that the VE's testimony is supported by a preponderance of the evidence. (AR 6.) A VE's testimony is substantial evidence. A VE's recognized expertise provides the necessary foundation for his or her testimony. Bayliss, 427 F.3d at 1218. No additional foundation is required. Id. Plaintiff disagrees with the Appeals Council's determination that Claimant can perform his past relevant work as a surveillance monitor as generally performed per the DOT, but that determination is supported by substantial evidence.

\* \* \*

The Appeals Council's nondisability determination is supported by substantial evidence and free of legal error. As the Commissioner's final decision, it must be affirmed.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this case with prejudice.

DATED: December 30, 2015

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE